HENRY EMERY *vs.* EPHRAIM HAPGOOD.

A complainant, who obtains a warrant from a magistrate who has no jurisdiction of the cause, and instigates and induces an officer to arrest the defendant thereon, is liable in damages to the party arrested, even if the warrant is valid on its face.

ACTION OF TORT for an assault and false imprisonment of the plaintiff. Trial before *Bigelow*, J., who made the following report thereof:

" The plaintiff put in evidence a warrant issued by Timothy Pearson, Esq. a justice of the peace for this county, directing the commitment of the plaintiff to jail for a contempt committed while said Pearson was acting as a magistrate in trying certain complaints against said plaintiff, for violating, in Lowell, the laws respecting the sale of intoxicating liquors. The plaintiff also put in two complaints made by said Ephraim Hapgood, before said Pearson, against the plaintiff, for an alleged violation, in Lowell, of the law respecting the sale of intoxicating liquors, both dated March 31st 1853, with the warrants issued thereon, and a record of judgments of guilty rendered thereon by said Pearson.

" The evidence tended to show that after said Emery had been tried and convicted on one of said complaints by said Pearson, and when said Pearson was about proceeding to try said Emery on the other complaint, the alleged contempt was committed by the plaintiff; that said Hapgood, the present defendant, was the complainant in both said cases, and was present at all the proceedings before said Pearson; that, after said warrant for commitment for contempt was issued and delivered to the officer, he hesitated about serving it, and was told by Hapgood to serve it—that if he did not, he, the officer, would be prosecuted—that if he would serve it, he, said defendant, would indemnify and save the officer harmless against all damage on account thereof, and that, in consequence of these statements and promises by the defendant, the officer was induced to

commit the plaintiff to jail on said warrant for contempt, which otherwise he would not have done.

" Upon these facts, the plaintiff contended that said Pearson was acting without any authority as a magistrate in all the foregoing proceedings ; that said warrant for contempt was bad on its face ; and that the defendant was liable as a trespasser.

" The defendant contended, first, that it did not appear by said complaints and warrants against said Emery, for the unlawful sale of liquor, that said Pearson was acting without authority ; secondly, that if he was, the warrant for contempt was good on its face, and did not show any want of authority on the part of said Pearson ; and that therefore neither the officer, nor the defendant Hapgood, could be held liable as trespassers for serving said warrant.

" But the court overruled these objections, and instructed the jury that said Pearson had no legal authority to issue said warrants ; that, in issuing them, he had exceeded his jurisdiction ; and the defendant, if he instigated and induced the officer to commit the plaintiff thereon when otherwise he would not have committed him, was liable in this action.

" The court also ruled that the defendant would be liable, though the warrant for contempt was sufficient on its face, if he so instigated and induced the officer to commit the plaintiff thereon, knowing that said Pearson had no authority or jurisdiction to hear and try said Emery on said complaints for illegal sale of liquor.

" The jury returned a verdict for the plaintiff. If the foregoing rulings were wrong, the verdict is to be set aside ; otherwise, judgment is to be entered on the verdict."

This case was argued at October term 1855.

*B. F. Butler*, for the defendant. If the warrant for contempt was good on its face, it was a justification of the officer for the commitment, which is the trespass and false imprisonment complained of. *Savacool* v. *Boughton*, 5 Wend. 170. *Nichols* v. *Thomas*, 4 Mass. 232. *Wilmarth* v. *Burt*, 7 Met. 257. *Donahoe* v. *Shed*, 8 Met. 326. *Taylor* v. *Alexander*, 6 Ohio, 144. In trespass, all are principals ; and if one joint trespasser, under the

circumstances of the case, is justified, it is difficult to see how another can be held for participating in, or instigating and inducing the same act—how the trumpeter should be punished, and the swordsman let go. If the defendant had actually assisted the officer in imprisoning the plaintiff, he would have been justified. *Elder* v. *Morrison*, 10 Wend. 128. *Oystead* v. *Shed*, 12 Mass. 511. *Payne* v. *Green*, 10 Sm. & Marsh. 507.

The instructions given made the defendant's knowledge of the magistrate's want of jurisdiction essential to his liability; whereas the case finds no such knowledge on the part of the defendant, except that implied from the obligation of every man to know the law. An officer may know facts tending to show that his process is erroneous, and yet be justified by it, and is never held to this knowledge of the law. *People* v. *Warren*, 5 Hill, 440. The knowledge, in this case, is not that malicious determination to use legal process wrongfully, which may make a party liable for a malicious abuse of legal process, and so a trespasser *ab initio.*

*J. G. Abbott*, for the plaintiff, cited *Commonwealth* v. *Emery*, 11 Cush. 406; *Piper* v. *Pearson*, 2 Gray, 124; *Dixon* v. *Watkins*, 4 Eng. 139; *Tefft* v. *Ashbaugh*, 13 Ill. 602; *Winslow* v. *Hathaway*, 1 Pick. 210; *Read* v. *Markle*, 3 Johns. 523; *Briggs* v. *Wardwell*, 10 Mass. 356; *Albee* v. *Ward*, 8 Mass. 79; *State* v. *Weed*, 1 Foster, 262; *Andrews* v. *Marris*, 1 Ad. & El. N. R. 3.

BIGELOW, J. The want of jurisdiction in the magistrate to try and determine the complaint originally made by the defendant against the plaintiff, and the invalidity of the commitment of the plaintiff for contempt, are fully settled in *Piper* v. *Pearson*, 2 Gray, 120. In that case, the proceedings before the magistrate were similar to those in the case at bar.

The only question therefore arising in this case is, whether, upon the facts proved, the defendant is liable as a trespasser. In deciding this question, it is unnecessary to determine upon the regularity of the form of the warrant of commitment. This is not an action against an officer for serving the warrant, or against a person acting by or under his authority or sanction. If it were, it would be essential to consider whether the war-

rant was bad on its face, and disclosed the want of jurisdiction in the magistrate who issued it. For reasons founded on public policy, and in order to secure a prompt and effective service of legal process, the law protects its officers, and those acting under them, in the performance of their duties, if there is no defect or want of jurisdiction apparent on the face of the writ or warrant under which they act. The officer is not bound to look beyond his warrant. He is not to exercise his judgment touching the validity of the process in point of law ; but if it is in due form, and is issued by a court or magistrate apparently having jurisdiction of the case or subject matter, he is to obey its command. In such case, he may justify under it, although in fact it may have been issued without authority, and therefore be wholly void.

But such is not the rule applicable to strangers or third persons, who are not required, in the exercise of a public duty, to assume the responsibility of executing legal process. If they interfere of their own motion, without authority or command 'from the officers of the law, to cause a writ or warrant to be enforced, they act at their peril ; and if the process, though regular on.its face and apparently good, was unauthorized, or was issued by a tribunal having no jurisdiction, or acting beyond the scope of its power, they are liable for the consequences arising from the enforcement of unlawful process. It is upon this ground, that a party is held responsible, at whose suit execution is made, when the officer serving it incurs no liability. The rule is, that if a stranger voluntarily takes upon himself to direct or aid in the service of a bad warrant, or interposes and sets the officer to do execution, he must take care to find a record that will support the process, or he cannot set up and maintain a justification. *Barker* v. *Braham*, 3 Wils. 376. *Parsons* v. *Loyd*, 3 Wils. 341. *Bryant* v. *Clutton*, 1 M. & W. 408. *West* v. *Smallwood*, 3 M. & W. 418. *Codrington* v. *Lloyd*, 8 Ad. & El. 449. *Carratt* v. *Morley*, 1 Ad. & El. N. R. 18. *Green* v. *Elgee*, 5 Ad. & El. N. R. 114.

In the present case, the defendant was a volunteer in urging the officer to serve a void warrant upon the plaintiff; and, under

the instructions given to the jury, it is found by their verdict that the plaintiff would not have been committed to jail but for his interference and instigation. He was, in a legal sense, a stranger to the warrant. It was not his duty, or within his province, to cause it to be enforced. After having made and signed the original complaint, and testified in its support before the magistrate, his duty and responsibility were at an end. *Barker* v. *Stetson, ante,* 53. He cannot therefore shelter himself under the authority of the officer, and claim immunity on the ground that the warrant was regular, and disclosed no want of jurisdiction in the magistrate. But it being apparent by the record that the warrant was illegally issued and void, the defendant is responsible for the trespass which he caused to be committed upon the plaintiff. *Judgment on the verdict.*